1  Ian S. Landsberg (SBN 137431)
   Brigitte Gomelsky (SBN 255717)
2  **LANDSBERG & ASSOCIATES**
   **A Professional Law Corporation**
3  16030 Ventura Boulevard, Suite 470
   Encino, California 91436
   Telephone:  (818) 705-2777
4  Facsimile:  (818) 705-3777
   Email:  ilandsberg@landsberg-law.com
5  Email:  bgomelsky@landsberg-law.com

6  [Proposed] Attorneys for AVP, Inc., and
   AVP Pro Beach Volleyball Tour, Inc., Debtors and Debtors in Possession
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                 **LOS ANGELES DIVISION**

11 | In re                              | ) | Case No. 2:10-bk-56777 |
   |                                    | ) |                        |
12 | AVP, INC.,[1]                      | ) | Chapter 11             |
   |                                    | ) |                        |
13 |                                    | ) | (Jointly Administered) |
   |        Debtor and Debtor in Possession | ) |                    |
14 |                                    | ) |                        |

15 | In re                              | ) | Case No. 2:10-bk-56761 |
   |                                    | ) |                        |
16 | AVP PRO BEACH VOLLEYBALL TOUR,     | ) | Chapter 11             |
   | INC.,[2]                           | ) |                        |
17 |                                    | ) | (Jointly Administered) |

18 |        Debtor and Debtor in Possession | ) | **NOTICE OF EMERGENCY MOTION AND MOTION  FOR ORDER DIRECTING JOINT** |
19 |                                    | ) | **ADMINISTRATION OF RELATED CASES PURSUANT TO FEDERAL** |
20 |                                    | ) | **RULE OF BANKRUPTCY PROCEDURE 1015(B) AND LOCAL BANKRUPTCY** |
21 | ☒ Affects all Debtors.            | ) | **RULE 1015-1(B); MEMORANDUM OF POINTS AND AUTHORITIES;** |
22 |                                    | ) | **DECLARATION IN SUPPORT** |
23 |                                    | ) | [No hearing required pursuant to L.B.R. |
24 |                                    | ) | 1015-1(b)] |

25

26

27    [1] The Debtor is AVP, Inc., a Delaware corporation, Federal Tax ID No. 98-0142664.  The Debtor's address is 960 Knox Street, Suite A, Torrance, California, 90502.
28    [2] The Debtor is AVP Pro Beach Volleyball Tour, Inc., a Delaware corporation, Federal Tax ID No. 95-4868964.  The Debtor's address is 960 Knox Street, Suite A, Torrance, California, 90502.

2139.002

1       **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession

2  (collectively the "Debtors"), are hereby filing this emergency motion (the "Motion") for an order of

3  this Court directing the joint administration of the Debtors' chapter 11 cases (the "Cases") pursuant

4  to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures and Local Bankruptcy Rule 1015-

5  1(b).

6       By this Motion, the Debtors request joint administration of these Cases only with respect to

7  purely administrative matters, including a joint pleadings docket (excluding, subject to further order

8  of the Court, the listing of filed claims), a joint pleadings caption, and combined notices to creditors.

9  The Debtors do not request substantive consolidation of the Debtors' estates at this time, but reserve

10  the right to do so in the future.  Accordingly, the Debtors seek an order authorizing the joint

11  administration of these Cases, as set forth herein.

12       Without joint administration, the duplication of documents and effort would severely tax the

13  administrative facilities of the Debtors and their attorneys, diverting valuable resources away from

14  addressing substantive issues, including the operations of the Debtors' businesses and potential sales

15  of assets.  If this Motion is not granted, the Debtors' creditors will similarly feel the burden.  As

16  with the Debtors, creditors will also be required to file multiple copies of pleadings in each Case for

17  no reason other than to maintain separate dockets and files.  Moreover, by maintaining separate

18  Cases, some creditors may be confused as to when their rights are being affected, as they may be

19  creditors of one of the estates, but not both of the estates.  By jointly administering the Cases,

20  creditors will receive notice of all matters involving all Debtors, thereby insuring that they are fully

21  informed of all matters potentially affecting their claims.

22       The facts supporting joint administration of the Cases are as follows: (a) both of the Debtors

23  are affiliated; (b) the Debtors operate as part of an integrated enterprise and (c) joint administration

24  will ease the administrative burden on the Court, the Debtors, and their creditors by eliminating

25  duplicative filings and service of pleadings and by reducing costs to administer the Cases.

26       **PLEASE TAKE FURTHER NOTICE** that this Motion is brought on an emergency basis

27  pursuant to Local Bankruptcy Rule 2081-1 because joint administration of these two Cases from the

28  beginning will immediately reduce the costs, burdens and confusion that would result from

1  administering them separately.  The Debtors anticipate filing numerous motions within the first few

2  days after the beginning of these Cases.  If this Motion is not granted on an emergency basis, the

3  Debtors will incur the unnecessary expense and expend the unnecessary time of filing basically

4  identical motions in both Cases and of serving those basically identical motions on creditors.  The

5  creditors will similarly feel the burden as they will receive unnecessary paper work and may be

6  confused in the early days of the Cases by the additional copies of basically identical pleadings.  If

7  they desire to file responses, they will also have to prepare, file and serve two basically identical

8  pleadings. These unnecessary and unproductive burdens on the estates and their creditors can be

9  alleviated by the granting to this Motion on an emergency basis.

10       **PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of

11 Motion and Motion, the attached Memorandum of Points and Authorities and the Declaration of

12 Justin G. Kamm annexed hereto.  In addition, the Debtors request that the Court take judicial notice

13 of all documents filed with the Court in these Cases.

14       **WHEREFORE,** the Debtors request that the Court enter an order:

15       1.       Granting this Motion and directing the joint administration of the Cases;

16       2.       Designating a single pleadings docket for the filing of all pleadings with respect to

17 the Cases (other than Schedules and Statement of Financial Affairs and proofs of claim, at this

18 time);

19       3.       Directing all pleading captions (except for the Schedules and Statement of Financial

20 Affairs and for proofs of claim) referring to any or all of the above listed Cases be captioned as set

21 forth in **Exhibit A** to this Motion; and

22 //

23 //

24 //

25 //

26 //

27 //

28

1        4.       Granting such other and further relief as the Court deems just and proper under the

2   circumstances to facilitate the efficient administration of these Cases.

3

4   Dated:  October 29, 2010                          **LANDSBERG & ASSOCIATES**
                                                       **A Professional Law Corporation**

5

6                                                      */s/ Ian S. Landsberg*

7                                                      Ian S. Landsberg
                                                       Brigitte Gomelsky

8                                                      [Proposed] Attorneys for AVP, Inc. and AVP
                                                       Pro Beach Volleyball Tour, Inc., Debtors and

9                                                      Debtors in Possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A.    Jurisdiction, Venue and Background of Cases

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors") is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Local Bankruptcy Rule 1015-1(b).

On October 29, 2010 (the "Petition Date"), each of the Debtors, AVP, Inc., a Delaware corporation ("AVP"), and AVP Pro Beach Volleyball Tour, Inc., a Delaware corporation ("AVP Pro Beach"), filed a voluntary petition (each, a "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

### B.    Description of Debtors

AVP is a leading lifestyle sports entertainment company focused on the production, marketing and distribution of professional beach volleyball events worldwide. AVP operates the industry's most prominent professional beach volleyball tournaments in the United States through its wholly-owned subsidiary, AVP Pro Beach.

AVP Pro Beach is the sole nationally recognized men's and women's U.S. professional beach volleyball tour. The top U.S. men's and women's beach volleyball professionals, including the women's and men's gold medalists at the 2008 Olympic Games, competed in the AVP Pro Beach tour. AVP Pro Beach has over 200 of the top volleyball professional players under exclusive contracts, as well as a strong base of spectators that represent an attractive audience for national, regional, and local sponsors.

1    AVP was formed in 1990 and is owned almost entirely by shareholders RJSM[3], Cede &

2  Co., AmTrust International Insurance Ltd., Fox Sports Net Inc., MLB Advanced Media LP and

3  National Broadcasting Company Inc. AVP Pro Beach is wholly owned by AVP, and was acquired

4  by AVP in 2005. The Debtors' operations were financed primarily by RJSM, which advanced a

5  total of approximately $5.4 million. Its claim is secured by all assets of the Debtor AVP.

6    As the operating entity between the Debtors, the majority of AVP Pro Beach's revenue was

7  gained from sponsorship agreements, advertising and broadcast sales, sales from admissions

8  tickets, food, beverage, and merchandise at tournaments, trademark licensing and contracting with

9  players in the AVP Pro Beach and associated activities. A sponsor-dependent sport, AVP Pro

10 Beach previously generated more than 80% of revenues from corporate sponsors. As stated above,

11 RJSM invested additional approximately $5.4 million to fund operations of AVP Pro Beach. As

12 the economic climate changed in the last approximately one-year, so did the Debtors' business

13 operations. This year AVP Pro Beach lost some of its substantial sponsors. Others were unable to

14 pay their obligations to the Debtors in the ordinary course of business. The inability to collect

15 receivables at a sufficient rate to pay payables affected the Debtors' cash flow. Moreover, the

16 Debtors were unable to secure funds to continue their day-to-day operations. AVP Pro Beach was

17 scheduled to host twelve (12) major events this season but canceled its five (5) remaining

18 tournaments due to lack of working capital.

19    As of the Petition Date, the Debtors' assets consist primarily of furnishings, fixtures and

20 equipment, trucks and trailers, and intellectual property, including valuable issued trademarks and

21 licenses of the AVP logo and design.

22    As of the Petition Date, AVP Pro Beach only had two remaining employees, the Chief

23 Executive Officer and the Controller. The Debtors are currently operating out of the same office

24 and warehouse. As mentioned above, AVP has one secured claim of record held in favor of RJSM.

25 AVP Pro Beach has no secured claims of record. The Debtors' unsecured debts total

26 approximately $5,000,000.

27

28    [3] RJSM owns a 72% interest in the Debtor AVP. The Debtor AVP Pro Beach is a wholly-owned subsidiary of
the Debtor AVP.

C.    **The Necessity of Filing the Debtors' Chapter 11 Cases**

The actual timing of the bankruptcy Cases was related to, among other things, the Debtors' inability to secure funds to continue their day-to-day operations, including the inability to collect receivables at a sufficient rate to pay payables thereby affecting the Debtors' cash flow. The causation of these Cases is the Debtors' lack of working capital, insufficient funds on hand and the Debtors' inability to satisfy ongoing obligations. In order to preserve the value of the Debtors' assets for the benefit of creditors, the Debtors determined that the commencement of these bankruptcy Cases was necessary and proper.

Through these bankruptcy Cases, the Debtors intend to liquidate their assets for the benefit of the estates and all creditors. The Debtors believe that, through their Chapter 11 Cases, they will be able to address their financial issues and pursue an effective financial restructuring strategy, which will involve a sale of assets. The Debtors contemplate selling their assets pursuant to 11 U.S.C. § 363(b) pursuant to an asset purchase agreement that will be subject to higher and better bids. Because the contemplated sale is expressly subject to overbids and an auction process, the Debtors believe that the sale will ensure that the maximum possible value is generated for the Debtors' assets.

D.    **Facts Supporting Joint Administration**

The Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in these chapter 11 cases (the "Cases").[4]

The Debtors are all affiliates of one another as provided by 11 U.S.C. 101(2)(B). In particular, Debtor AVP Pro Beach is the wholly-owned subsidiary of AVP. Further, joint administration will prevent the duplicate filing and service of numerous pleadings. It will, therefore, ease the administrative burden on the Court, the Debtors, and the creditors, and will reduce the costs for all parties in administering these Cases.

//

---

[4] The Debtors have each filed a motion requesting that these Cases be jointly administered.

## II.

## ARGUMENT

**A.   Joint Administration of the Debtors' Cases Will Yield Substantial Administrative Benefits**

Although the Bankruptcy Code specifically provides for joint administration of limited types of cases (see section 302(a) of the Bankruptcy Code permitting the filing of joint petitions by spouses), there is no provision in the Bankruptcy Code governing joint administration of cases such as these. Federal Rule of Bankruptcy Procedure 1015(b), however, makes clear that joint administration may be appropriate when two or more related debtor entities, whether spouses, partnerships, or corporations, have filed for protection under the Bankruptcy Code. Federal Rule of Bankruptcy Procedure 1015 provides, inter alia:

> (b) Cases Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates . . . .

> (c) Expediting and Protective Orders. When an order for . . . joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.

Fed. R. Bankr. P. 1015

Federal Rule of Bankruptcy Procedure 1015 promotes the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. See 2-301 Collier on Bankruptcy, at 301-06 (15th ed. Rev. 2003); see also In re Brookhollow Assocs., 435 F. Supp 763, 766 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different estate with substantial interests in common"), aff'd, 575 F.2d 1003 (1st Cir. 1986); In re H&S Transportation Co., 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985). As stated in the official Advisory Committee Note:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters

occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Joint administration differs significantly from substantive consolidation, in which the assets and liabilities are pooled and, generally, the creditors of the separate entities share *pro rata* in the aggregate net value of the estates. See In re Standard Brands Paint Co., 154 B.R. 563 (Bankr. C.D. Cal. 1993); In re I.R.C.C., Inc., 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989). Joint administration, by contrast, is merely procedural; each of the debtors' estates remains a separate legal entity, and creditors' individual rights to each estate are preserved. In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); In re Arnold, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983). Thus, in every case, joint administration does not in itself prejudice the rights of any creditor.

Joint administration will reduce the costs in administering the Cases, serve to eliminate the substantial confusion and waste created by maintaining separate dockets and reduce the burden that the Cases will place on the Court system. Absent joint administration, the only material differences between the majority of the pleadings to be filed in each Case will be in the captions because many of the substantive matters affecting one estate will affect both estates. By requiring separate pleadings to be filed in each Case, an enormous amount of copying will need to be done at substantial costs to the estates without any additional benefit to creditors. Moreover, such duplication would divert valuable resources away from addressing substantive issues, including maximizing the value of the estates for all affected parties. The filing of separate pleadings in each of the Cases also would undoubtedly create an unnecessary burden for the Clerk's office, which must keep track of the filings in each Case. Joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files in each case. Similarly, joint administration will simplify the administrative burden on the office of the United States Trustee in its supervision of these Cases.

If this Motion is not granted, the Debtors' creditors will similarly feel the burden. As with the Debtors, creditors will also be required to file multiple copies of pleadings in each of the Cases for no reason other than to maintain separate dockets and files. Moreover, by maintaining

1  administratively separate Cases, some creditors may be confused as to when their rights are being

2  affected, as they may be creditors of one of the estates, but not both of the estates. By jointly

3  administering the estates, creditors will receive notice of all matters involving all Debtors, thereby

4  insuring that they are fully informed of all matters potentially affecting their claims.

5    Accordingly, for the reasons set forth herein above, the Debtors propose that the joint

6  administration of the Cases be implemented as follows:

7    (a)    Pleadings. The use of a single docket for all Cases and for filing, lodging and

8  docketing the pleadings, orders and all other papers (including notices of hearing in any of the

9  Cases) under the caption and case number of, and in the form attached hereto as **Exhibit A**.

10    (b)    Proofs of Claim. Because the Debtors are separate entities, and there has been no

11  substantive consolidation of the estates, proofs of claim should be captioned for the particular

12  estate against which the claim is asserted. Further, separate claims registers for each estate should

13  be maintained.

14    (c)    Schedules of Assets and Liabilities. Each Debtor shall file separate Schedules of

15  Assets and Liabilities.

16    (d)    Notice to Creditors of Entry of Order. After entry of the Order approving the joint

17  administration, the Debtors shall transmit to all known creditors of each estate a notice setting forth

18  the pertinent information with respect to the joint administration (which notice may be combined

19  with other notices to creditors).

20  **B.    No Creditors Will Be Prejudiced by Joint Administration**

21    There would be no material prejudice to creditors if the Debtors' estates are jointly

22  administrated, in that joint administration does not equate to substantive consolidation. Indeed, as

23  discussed above, joint administration would benefit all creditors by substantially reducing costs and

24  administrative burdens in general.

25  **C.    Were an Actual Conflict to Arise in the Course of the Debtors' Cases, the Court may**

26  **Alleviate Any Prejudice to Creditors Pursuant to Its Discretion under Bankruptcy**

27  **Rule 1015**

28    If an actual conflict arises among the estates in the future, the Court could easily alleviate

1    any prejudice such conflict may cause to creditors through the Court's broad powers to oversee the

2    joint administration of the Cases.  As discussed above, joint administration does not in itself affect

3    any substantive rights; joint administration is a procedural device designed to reduce costs and

4    administrative burdens generally.  Were a conflict to arise during the Cases, the Court may limit

5    joint administration to the extent necessary to alleviate any negative effects of the conflict.  Under

6    Bankruptcy Rule 1015(c), "while protecting the rights of parties under the Code, the court may

7    enter orders as may tend to avoid unnecessary costs and delay."  Fed. R. Bankr. P. 1015(c).

8    Exercising its discretion under this Rule, the Court should be able to promote the interests of the

9    estates through administrative efficiency, while at the same time protecting the rights of individual

10   creditors if and when the need arises.  Until a conflict arises, however, there is no reason why the

11   Court should not authorize joint administration.

12                                                    **III.**

13                                              **CONCLUSION**

14           The primary goal of chapter 11 reorganization is to maximize the value of a debtor's estate

15   for the benefit of creditor and equity constituencies.  Related to that goal and of significant

16   importance as well, is the efficient administration of bankruptcy cases.  The joint administration of

17   these Cases will further both of these goals.

18           Based upon the foregoing, the Debtors respectfully submit that this Court should enter an

19   order substantially in the form of **Exhibit B** attached hereto authorizing the joint administration of

20   these Cases, with such joint administration to be implemented as provided for in this Motion and

21   granting such other and further relief as the Court deems appropriate.

22   Dated:  October 29, 2010                    **LANDSBERG & ASSOCIATES**

23                                               */s/ Ian S. Landsberg*

24                                               _____

25                                               Ian S. Landsberg
                                                 Brigitte Gomelsky
26                                               [Proposed] Attorneys for AVP, Inc. and AVP
                                                 Pro Beach Volleyball Tour, Inc., Debtors and
27                                               Debtors in Possession

28

# DECLARATION OF JUSTIN G. KAMM

I, JUSTIN G. KAMM, declare as follows:

1.    I am the Chief Executive Officer and Chief Operating Officer of AVP, Inc., a Delaware corporation ("AVP"), and AVP Pro Beach Volleyball Tour, Inc., a Delaware corporation ("AVP Pro Beach"), the above-captioned debtors and debtors in possession (collectively the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Cases").

2.    I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify hereto.

3.    I submit this declaration in support of the emergency motion for order directing joint administration of related cases pursuant to Federal Rule of Bankruptcy Procedure 1015(B) and Local Bankruptcy Rule 1015-1(B) (the "Motion")[5].

4.    On October 29, 2010 (the "Petition Date"), each of the Debtors, AVP and AVP Pro Beach filed a voluntary petition (each, a "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

## A.    Facts Supporting Joint Administration

5.    The Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in these chapter 11 cases (the "Cases").[6]

6.    The Debtors are all affiliates of one another as provided by 11 U.S.C. 101(2)(B). In particular, Debtor AVP Pro Beach is the wholly-owned subsidiary of AVP. Further, joint administration will prevent the duplicate filing and service of numerous pleadings.  It will, therefore, ease the administrative burden on the Court, the Debtors, and the creditors, and will reduce the costs for all parties in administering these Cases.

//

//

---

[5] Capitalized terms used in this Judgment and not specifically defined herein shall have the meaning ascribed to such terms in the Motion.

[6] The Debtors have each filed a motion requesting that these Cases be jointly administered.

**B.**    **Description of Debtors**

7.    AVP is a leading lifestyle sports entertainment company focused on the production, marketing and distribution of professional beach volleyball events worldwide.

8.    AVP operates the industry's most prominent professional beach volleyball tournaments in the United States through its wholly-owned subsidiary, AVP Pro Beach.

9.    AVP Pro Beach is the sole nationally recognized men's and women's U.S. professional beach volleyball tour.

10.    The top U.S. men's and women's beach volleyball professionals, including the women's and men's gold medalists at the 2008 Olympic Games, competed in the AVP Pro Beach tour.

11.    AVP Pro Beach has over 200 of the top volleyball professional players under exclusive contracts, as well as a strong base of spectators that represent an attractive audience for national, regional, and local sponsors.

12.    AVP was formed in 1990 and is owned almost entirely by shareholders RJSM Partners, LLC ("RJSM")[7], Cede & Co., AmTrust International Insurance Ltd., Fox Sports Net Inc., MLB Advanced Media LP and National Broadcasting Company Inc.

13.    AVP Pro Beach is wholly owned by AVP, and was acquired by AVP in 2005.  The Debtors' operations were financed primarily by RJSM, which advanced a total of approximately $5.4 million.  Its claim is secured by all assets of the Debtor AVP.

14.    As the operating entity between the Debtors, the majority of AVP Pro Beach's revenue was gained from sponsorship agreements, advertising and broadcast sales, sales from admissions tickets, food, beverage, and merchandise at tournaments, trademark licensing and contracting with players in the AVP Pro Beach and associated activities.

15.    A sponsor-dependent sport, AVP Pro Beach previously generated more than 80% of revenues from corporate sponsors.

---

[7] RJSM owns a 72% interest in the Debtor AVP.  The Debtor AVP Pro Beach is a wholly-owned subsidiary of the Debtor AVP.

16. As stated above, RJSM invested additional approximately $5.4 million to fund operations of AVP Pro Beach.

17. As the economic climate changed in the last approximately one-year, so did the Debtors' business operations.

18. This year AVP Pro Beach lost some of its substantial sponsors. Others were unable to pay their obligations to the Debtors in the ordinary course of business.

19. The inability to collect receivables at a sufficient rate to pay payables affected the Debtors' cash flow. Moreover, the Debtors were unable to secure funds to continue their day-to-day operations.

20. AVP Pro Beach was scheduled to host twelve (12) major events this season but canceled its five (5) remaining tournaments due to lack of working capital.

21. As of the Petition Date, the Debtors' assets consist primarily of furnishings, fixtures and equipment, trucks and trailers, and intellectual property, including valuable issued trademarks and licenses of the AVP logo and design.

22. As of the Petition Date, AVP Pro Beach only has one remaining employee other than myself, Teresa Sequeira who is employed as the Controller.

23. The Debtors are currently operating out of the same office and warehouse.

24. As mentioned above, AVP has one secured claim of record held in favor of RJSM. AVP Pro Beach has no secured claims of record.

25. The Debtors' unsecured debts total approximately $5,000,000.

C.  **The Necessity of Filing the Debtors' Chapter 11 Cases**

26. The actual timing of the bankruptcy Cases was related to, among other things, the Debtors' inability to secure funds to continue their day-to-day operations, including the inability to collect receivables at a sufficient rate to pay payables thereby affecting the Debtors' cash flow. The causation of these Cases is the Debtors' lack of working capital, insufficient funds on hand and the Debtors' inability to satisfy ongoing obligations. In order to preserve the value of the Debtors' assets for the benefit of creditors, the Debtors determined that the commencement of these bankruptcy Cases was necessary and proper.

27.     Through these bankruptcy Cases, the Debtors intend to liquidate their assets for the benefit of the estates and all creditors. The Debtors believe that, through their Chapter 11 Cases, they will be able to address their financial issues and pursue an effective financial restructuring strategy, which will involve a sale of assets. The Debtors contemplate selling their assets pursuant to 11 U.S.C. § 363(b) pursuant to an asset purchase agreement that will be subject to higher and better bids. Because the contemplated sale is expressly subject to overbids and an auction process, the Debtors believe that the sale will ensure that the maximum possible value is generated for the Debtors' assets.

28.     The Debtors have negotiated debtor in possession financing with RJSM which will shortly be the subject of a motion before the Court. By the debtors in possession financing motion, the Debtors seek sufficient liquidity to enable the Debtors to operate their business in such a manner as to avoid immediate and irreparable harm, and to thereafter fund operations upon a final hearing pending this Court's consideration of an anticipated motion seeking authority to sell substantially all the Debtors' assets.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 29th 2010, at Torrance, California.

JUSTIN G. KAMM

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:10-bk-56777 |
| AVP, INC.,[8] | Chapter 11 |
| Debtor and Debtor in Possession | (Jointly Administered) |
| | Case No. 2:10-bk-56761 |
| In re | Chapter 11 |
| AVP PRO BEACH VOLLEYBALL TOUR, INC.,[9] | (Jointly Administered) |
| Debtor and Debtor in Possession | |
| ☒ Affects all Debtors. | |

---

[8] The Debtor is AVP, Inc., a Delaware corporation, Federal Tax ID No. 98-0142664. The Debtor's address is 960 Knox Street, Suite A, Torrance, California, 90502.

[9] The Debtor is AVP Pro Beach Volleyball Tour, Inc., a Delaware corporation, Federal Tax ID No. 95-4868964. The Debtor's address is 960 Knox Street, Suite A, Torrance, California, 90502.

# EXHIBIT B

Ian S. Landsberg (SBN 137431)
Brigitte Gomelsky (SBN 255717)
**LANDSBERG & ASSOCIATES**
**A Professional Law Corporation**
16030 Ventura Boulevard, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777
Email: ilandsberg@landsberg-law.com

[Proposed] Attorneys for AVP, Inc., and
AVP Pro Beach Volleyball Tour, Inc., Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:10-bk-56777 |
| AVP, INC.,[10] | Chapter 11 |
| Debtor and Debtor in Possession | (Jointly Administered) |
| | Case No. 2:10-bk-56761 |
| In re | Chapter 11 |
| AVP PRO BEACH VOLLEYBALL TOUR, INC.,[11] | (Jointly Administered) |
| Debtor and Debtor in Possession | **ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(B) AND LOCAL BANKRUPTCY RULE 1015-1(B)** |
| ☒ Affects all Debtors. | |

The Court has considered the "Emergency Motion of the Debtors for Order Directing Joint Administration of Related Cases Pursuant to Federal Rule of Bankruptcy Procedure 1015(b) and Local Bankruptcy Rule 1015-1(b)" (the "Motion"), filed by the above-captioned debtors and debtors

---

[10] The Debtor is AVP, Inc., a Delaware corporation, Federal Tax ID No. 98-0142664. The Debtor's address is 960 Knox Street, Suite A, Torrance, California, 90502.
[11] The Debtor is AVP Pro Beach Volleyball Tour, Inc., a Delaware corporation, Federal Tax ID No. 95-4868964. The Debtor's address is 960 Knox Street, Suite A, Torrance, California, 90502.

in possession herein (the "Debtors"). Based on the arguments made in the Motion, and the

pleadings and documents on file in these chapter 11 cases (the "Cases"), the Court finds that no

notice of the Motion was required under the circumstances and that good cause exists to grant the

relief requested in the Motion.

**IT IS HEREBY ORDERED** that:

1.      The Motion is granted in its entirety.

2.      The Cases shall be jointly administered.

3.      The captions of the Cases shall be modified to reflect the joint administration of

these Cases in the form set forth on **Exhibit A** hereto.

4.      The Clerk of the Court shall maintain a pleadings docket under the case number

assigned to AVP, Inc., Case No. 2:10-bk-56777, which shall be designated as the single pleadings

docket for all pleadings with respect to all of the Cases; provided however, proofs of claim should

be captioned for the particular estate and Case against which the claim is asserted and each Debtor

shall file separate Schedules of Assets and Liabilities.

5.      The claims registers in the Debtors' respective Cases shall be maintained separately

for each Debtor entity by the Clerk of the Court.

6.      The Debtors and other parties in interest shall be authorized, but not required, to

combine notices to the Debtors' creditors.

Respectfully submitted by:
**LANDSBERG & ASSOCIATES**
**A Professional Law Corporation**

*/s/ Ian S. Landsberg*
_____
Ian S. Landsberg
Brigitte Gomelsky
[Proposed] Attorneys for AVP, Inc. and AVP
Pro Beach Volleyball Tour, Inc., Debtors and
Debtors in Possession

Dated: _____        _____
                                    UNITED STATES BANKRUPTCY JUDGE

1

**EXHIBIT A**

2

3

4

5

6

7

8    **UNITED STATES BANKRUPTCY COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA**

10    **LOS ANGELES DIVISION**

11    In re                                          )    Case No. 2:10-bk-56777
                                                      )
12    AVP, INC.,[12]                                  )    Chapter 11
                                                      )
13                                                    )    (Jointly Administered)
           Debtor and Debtor in Possession           )
14                                                    )    Case No. 2:10-bk-56761
    _____                 )
15    In re                                          )    Chapter 11
                                                      )
16    AVP PRO BEACH VOLLEYBALL TOUR,                  )    (Jointly Administered)
      INC.,[13]                                       )
17                                                    )
                                                      )
18         Debtor and Debtor in Possession           )
                                                      )
19                                                    )
    _____                 )
20                                                    )
      ☒ Affects all Debtors.                          )
21                                                    )
                                                      )
22    _____               )

23

24

25

26    _____

27    [12] The Debtor is AVP, Inc., a Delaware corporation, Federal Tax ID No. 98-0142664.  The Debtor's address is
      960 Knox Street, Suite A, Torrance, California, 90502.

28    [13] The Debtor is AVP Pro Beach Volleyball Tour, Inc., a Delaware corporation, Federal Tax ID No. 95-
      4868964.  The Debtor's address is 960 Knox Street, Suite A, Torrance, California, 90502.

# PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: *16030 Ventura Boulevard, Suite 470, Encino, CA  91436*

A true and correct copy of the foregoing document described as **NOTICE OF EMERGENCY MOTION AND MOTION  FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(B) AND LOCAL BANKRUPTCY RULE 1015-1(B); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

☒    Service information continued on attached page

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 29, 2010 checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- *Ian Landsberg    ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;rbenitez@landsberg-law.com*
- *United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov*

☐    Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On October 29, 2010    I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 29, 2010 | Rebeca B. Benitez | /s/ Rebeca B. Benitez |
|---|---|---|
| Date | Type Name | Signature |

PROOF OF SERVICE

2139.002

# <u>SERVICE LIST</u>

<u>*Via U.S. First Class Mail*</u>

<u>**US Bankruptcy Court**</u>
Central District of Los Angeles
Los Angeles Division
**Attn: Honorable Ernest Robles Chamber**
255 East Temple Street, Courtroom 1568
Los Angeles, CA 90012

<u>**US Bankruptcy Court**</u>
Central District of Los Angeles
Los Angeles Division
**Attn: Honorable Sherri Bluebond Chamber**
255 East Temple Street, Courtroom 1475
Los Angeles, CA 90012

<u>***Office of the United States Trustee***</u>
Los Angeles Divisions
725 South Figueroa Street, Suite 2600
Los Angeles, CA 90017

<u>***Attorney for Secured Creditor***</u>
<u>***RSJM Partners, LLC***</u>
David L. Neale, Esq.
Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067

<u>***20 Largest Unsecured Creditors***</u>

Beierdorf, Inc.
187 Danbury Road
Wilton, CT 06897

E. & J. Gallo Winery
Barefoot Cellars
600 Yosemite Boulevard
Modesto, CA 05354

ESPN, Inc. Advertising Sales
13039 Collections Center Drive
Chicago, IL 60693

Gatorade
555 Wes Monroe, Ste. 10-2
Chicago, IL 60661

Giants Enterprises
Attention: Jane Steel
24 Wallie Mays Plaza
San Francisco, CA 94107

Jason Whitney Hodell
300 Gold Brush Way
Pasadena, MD 21112

JDUB Productions Inc.
728 N. Paulina Ave.
Redondo Beach, CA 90277

John Paul Mitchell Systems
20705 Centre Pointe Parkway
Santa Clarita, Ca 91350

Johnsonville Sausages, LLC
N6928 Johnsonville Way
Shboygan Falls, WI 53085

KFC National Council And Advertising
Cooperative, Inc.
Attention: Alan Forsythe
1941 Bishop Lane, Suite 1000
Louisville, KY 40218

Leverage PR, LLC
Attn: Stuart Goldstein
597 Fifth Avenue, 4th Floor
New York, NY 10017

Louisiana Transportation Inc.
P.O. Box 71934
Cincinnati, OH 45271

2

2139.002

1  Murphy Productions, Inc
   20351 Irvine Avenue, Ste. C-5
2  Newport Beach, CA  92660

3

   Pernod Ricard USA
4  401 Park Avenue South, 7th Floor
   New York, NY  10016

5

6  Rockstar, Inc.
   P.O. Box 27740
7  Las Vegas, NV  89126

8  U.S. Marketing & Promotions Agency
   4721 Alla Road
9  Marina del Rey, CA  90292

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ontario/Acacia Investors
c/o Ruby Management Company
11845 W. Olympic Boulevard, Ste. 1200
Los Angeles, CA  90064

RJSM Partners, LLC
660 Madison Avenue, 17th Floor
New York, NY  10065

Sierra Wireless America
2200 Faraday Avenue, Suite 150
Carslsband, CA 92008

United Site Services, Inc.
P.O. Box 5502
Binghamton, NY  13902

3

2139.002